The STATE of Ohio, Appellee,

v.

AUSTIN, Appellant.

[Cite as *State v. Austin* (2000), 138 Ohio App.3d 547.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–2000–11.

Decided Aug. 2, 2000.

*Todd A. Anderson,* for appellant.

*Rhonda G. Burggraf,* Assistant Prosecuting Attorney, for appellee.

SHAW, Judge.

Defendant-appellant, Robert L. Austin, appeals from the judgment of the Marion County Court of Common Pleas sentencing defendant following his guilty plea on one count of sexual imposition and two counts of gross sexual imposition and classifying him as a sexual predator.

Defendant was initially indicted on one count of sexual imposition, three counts of gross sexual imposition, with a sexually violent predator specification, and one count of interference with custody. Count one related to B.T., a juvenile female age fourteen, and the other four counts related to H.T., a juvenile female age eleven. A second indictment was subsequently issued that contained three additional counts. Count six was for interference with custody of B.T. Counts seven and eight were for the corruption of a minor and sexual imposition of K.K., a juvenile female age thirteen.

On January 10, 2000, defendant pled guilty to one count of sexual imposition related to B.T. and two counts of gross sexual imposition related to H.T. The trial court entered an order dismissing the remaining counts and the specification. Defendant was sentenced to six months imprisonment on the sexual imposition offense (Count I) and three years on each of the gross sexual imposition offenses (Counts II and III). The trial court ordered the sentences as to counts one and two to be served concurrently and the sentences as to counts two and three to be served consecutively to each other and consecutively to a previous sentence imposed in Case Number 97–CR–279. The trial court also determined defendant to be a sexual predator. Defendant now appeals that decision and raises two assignments of error.

For his first assignment of error, defendant asserts:

"The trial court erred by erroneously convicting and sentencing appellant for two (2) separate offenses of gross sexual imposition when the offenses were allied offenses of similar import. The multiple convictions and the imposition of separate sentences [were] contrary to the prohibition against multiple punishments for allied offenses of similar import."

■ Defendant was convicted of two counts of gross sexual imposition related to the September 9, 1999 incident in which he touched H.T.'s breasts and kissed her breasts, as set forth in the amended bill of particulars. It is the contention of the defendant that these offenses are allied offenses of similar import that would have required his conviction and sentence of only one count.

Ohio's multiple-count statute, R.C. 2941.25, states:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Pursuant to *State v. Nicholas* (1993), 66 Ohio St.3d 431, 434, 613 N.E.2d 225, 228, the following two-step analysis applies for determining whether multiple crimes constitute allied offenses of similar import:

"In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." (Emphasis *sic* and citations omitted.)

In *Nicholas,* the Ohio Supreme Court held that crimes involving distinct sexual activity, *i.e.,* vaginal intercourse, cunnilingus, and digital penetration, each constituted a separate crime with a separate animus, and they do not constitute allied offenses of similar import. *Id.* at 435, 613 N.E.2d at 228–229.

In this case, defendant was convicted of two crimes involving different acts of gross sexual imposition allegedly committed between defendant and H.T. The

specific acts that defendant claims should be allied include the touching of the victim's breast with his hand and kissing the victim's breast with his mouth. The record does not indicate that hand and mouth were used in a single, simultaneous instance; rather it is acknowledged that the acts occurred separately but in close proximity of time during the same extended assault of the victim. Consistent with the holding of State v. Nicholas, it is our conclusion that in this case, these acts were of sufficiently separate character both in terms of the animus of the defendant and in terms of the sense of violation undoubtedly experienced by the victim, so as to constitute separate crimes that do not constitute allied offenses of similar import. Therefore, the trial court acted properly in not treating these offenses as allied offenses of similar import and sentencing defendant for both. Defendant's first assignment of error is overruled.

For his second assignment of error, defendant asserts:

"The trial court erred and abused its discretion in finding the appellant was a sexual predator under Ohio Revised Code Section 2950.09 when the State failed to establish by clear and convincing evidence the appellant was likely to engage in similar conduct in the future."

Defendant argues that the state failed to establish by clear and convincing evidence that he was likely to engage in sexual misconduct in the future. Moreover, defendant challenges the admission of the testimony of Staci Stought, a child abuse investigator for Marion County Children Services, concerning a past-unsubstantiated allegation of sexual misconduct against defendant, which the trial court considered in making its sexual predator determination.

R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making the determination as to whether a defendant is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, the following factors: (1) the offender's age, (2) the offender's prior criminal record, (3) the age of the victim of the sexually oriented offense, (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims, (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, (6) whether the offender has completed his sentence for any prior criminal conviction and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders, (7) any mental illness or mental disability of the offender, (8) the nature of the offender's sexual conduct with the victim and whether that conduct was part of a demonstrated pattern of abuse, (9) whether the offender displayed cruelty or threatened cruelty during the commission of the sexually oriented offense, and (10) any additional behavioral characteristics that contributed to the

offender's conduct. See R.C. 2950.09(B)(2). Additionally, the trial court's determination that a defendant is a sexual predator must be supported "by clear and convincing evidence." R.C. 2950.09(B)(3).

In *State v. Cook* (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570, 586–587, the Ohio Supreme Court held that the Ohio Rules of Evidence do not strictly apply at a sexual predator determination hearing. Thus, the court concluded that the trial court in deciding whether to classify an offender as a sexual predator may rely upon reliable hearsay, such as a presentence investigation report. *Id.* Additionally, this court has held that it was not plain error for the trial court to rely on a victim's trial testimony relating to charges for which the defendant was acquitted for purposes of the sexual predator finding. See *State v. Anderson* (Nov. 9, 1999), Auglaize App. No. 2–99–15, unreported, 1999 WL 1009095 (noting that the same judge presided at both the trial and the sexual predator hearing, and the transcript of the victim's sworn testimony was admitted into evidence at the sexual predator hearing without objection from the defendant).

In this case, defense counsel did object to the admission of Staci Stought's testimony about a prior allegation of sexual abuse against defendant from the Children Services' records. It is clear from the record that her testimony related to a sexual abuse investigation that occurred in 1987 for which no case was ever opened and no charges were brought. Stought had not been involved with this investigation and as such, had no personal knowledge of the particulars of the 1987 incident. The incident alleged to have occurred was more than thirteen years old at the time of the sexual predator determination hearing. In our view, such hearsay was unreliable due to the unsubstantiated nature of the allegation of sexual abuse and its age. Hence, we conclude that the trial court erred in considering the information to which Stought testified from the 1987 investigation.

Although we find that the testimony from 1987 was inadmissible at a sexual predator hearing, it is clear that the introduction of such testimony was not prejudicial since the trial court could reasonably conclude from the other evidence in this case that defendant was likely to engage in the future in one or more sexually oriented offenses. Indeed, defendant's prior criminal record includes a 1998 gross sexual imposition conviction involving a ten-year-old. The psychological evaluation prepared in 1998 reflects that defendant's denial of any wrongdoing or any sexual attraction to children made treatment in a sex offender program inappropriate for him.

While on community control sanctions for that prior conviction, the defendant has pled guilty to one count of sexual imposition and two counts of gross sexual imposition. Although defendant's conviction for sexual imposition is not a sexually oriented offense as defined by R.C. 2950.01(D), all defendant's convic-

tions for gross sexual imposition qualify as sexually oriented offenses. The trial court had before it the facts and circumstances of these cases, including the presentence investigation report prepared in 1998 and the transcript of the community control sanction violation hearing relating to the later gross sexual imposition charges. Given the fact that there were multiple convictions of sexually oriented offenses involving two victims to which defendant pled guilty, we are persuaded that the trial court had sufficient evidence before it to support its determination, by clear and convincing evidence, that defendant is a sexual predator.

Accordingly, defendant's second assignment of error is overruled and the sentencing judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.