DECISION
Defendant-appellant, Roy W. Mullins, appeals the June 9, 2000 journal entry of the Franklin County Court of Common Pleas declaring appellant to be a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we affirm.
In October 1998, appellant was indicted (under two separate case numbers) on a total of sixty-one sex offenses — in particular, nineteen counts of rape (R.C. 2907.02), two counts of attempted rape (R.C. 2923.02 as it relates to R.C. 2907.02), and forty counts of gross sexual imposition (R.C. 2907.05). All charges involved the same victim, appellant's stepdaughter.
On May 10, 2000, appellant pleaded guilty to five counts of gross sexual imposition in exchange for a sentencing recommendation as to each count and a nolle prosequi on the remaining charges. The pleas were entered in accord with the principles of North Carolina v. Alford (1970), 400 U.S. 25, in which appellant maintained his innocence to all the charges but pleaded guilty in order to avoid the possible consequences of going to trial.
At the plea hearing, the prosecution recited the factual basis for the charges, which essentially consisted of a recounting of various statements made by appellant's stepdaughter to police investigators. According to these statements, appellant forced his stepdaughter to engage in a series of sexual activities from the age of fourteen through the age of sixteen. The conduct included fondling, cunnilingus, fellatio, digital penetration, anal intercourse, and attempted vaginal intercourse. Appellant's stepdaughter also told investigators that appellant threatened to kill her and her mother and bury them in the crawl space if she ever told anyone.
The trial court accepted appellant's guilty pleas, and by judgment entry filed May 11, 2000, sentenced appellant to imprisonment for a total of four years and eleven months.
On June 9, 2000, the trial court conducted a sexual offender classification hearing pursuant to R.C. Chapter 2950. At the hearing, the prosecution presented no evidence but, instead, asked the trial court to rely upon the factual information presented to the trial court at the guilty plea hearing. Appellant objected to use of such information and presented no evidence himself at the hearing. The trial court then held that the statement of facts presented at the guilty plea hearing would be accepted as reliable hearsay upon which the trial court could base its sexual offender determination.
By a written decision rendered on June 9, 2000, the trial court found by clear and convincing evidence that appellant was a sexual predator. In support of its determination, the trial court specifically noted that appellant committed multiple sexual assaults over a period of several years, that appellant's conduct involved a child victim, and that appellant threatened to kill the victim and her mother if she told. A journal entry adjudicating appellant to be a sexual predator was entered on June 9, 2000.
It is from this journal entry that appellant appeals, raising the following two assignments of error:
 I. THE TRIAL COURT'S FINDING OF FACT THAT THE STATE PROVED THROUGH CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS A "SEXUAL PREDATOR," AS DEFINED BY R.C. § 2905.01 ET SEQ., WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE TRIAL COURT SOLEY [sic] CONSIDERED THE FACTS SERVING AS THE BASIS OF APPELLANT'S PLEA BARGAIN IN MAKING ITS DETERMINATION AT APPELLANT'S SEXUAL OFFENDER CLASSIFICATION HEARING.
 II. THE TRIAL COURT'S FINDING OF FACT THAT THE STATE PROVED THROUGH CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS A "SEXUAL PREDATOR," AS DEFINED BY R.C. § 2950 ET SEQ., WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE TRIAL COURT ERRONEOUSLY CONSIDERED ONLY THE FACTS SERVING AS THE BASIS OF APPELLANT'S PLEA BARGAIN IN MAKING ITS DETERMINATION, DESPITE APPELLANT'S EXPRESS DENIAL OF SAID FACTS THROUGH AN ALFORD PLEA.
In his first assignment of error, appellant contends that the trial court erred in basing its decision solely on the facts stated by the prosecution at the plea hearing. According to appellant, public policy and R.C. 2950.09(B) requires the presentation of "actual evidence" at the sexual offender classification hearing and, as such, a sexual predator determination may not be based solely on unsworn, hearsay evidence as was utilized by the trial court in this case. We find appellant's contentions to be untenable.
In setting forth the procedural requirements for sexual offender classification hearings, R.C. 2950.09(B)(1) provides:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender. [Emphasis added.]
Thus, while the statute provides that the offender and the prosecution shall have "the opportunity" to present evidence at the hearing, they are not required to do so. State v. Bailey (July 15, 1999), Franklin App. No. 98AP-1132, unreported.
In State v. Cook (1998), 83 Ohio St.3d 404, 425, the Ohio Supreme Court specifically held that the Ohio Rules of Evidence do not strictly apply to sexual offender classification hearings. Thus reliable hearsay, such as that contained in a presentence investigation report, may be relied upon by the trial court. Id. As this court has noted, "the offender has the opportunity to attack evidence that contains statements not subject to cross-examination, has the opportunity to call his or her own witnesses, present his or her own evidence, and counter any erroneous information presented by the state." Bailey, supra.
There is no inherent difference between hearsay contained in a presentence report and that recited by the prosecution at the plea hearing and/or sexual offender classification hearing. As such, appellate courts, including this court, have held that a trial court may rely upon such hearsay statements in making its determination as long as such statements are sufficiently reliable. See State v. Kachermeyer (Dec. 21, 1999), Franklin App. No. 99AP-439, unreported (specifically noting that trial court could rely on prosecution's recitation of facts from guilty plea hearing); State v. McFadden (Oct. 6, 1999), Summit App. No. 19065, unreported (court could rely on prosecutor's statements in which he read 1985 investigation report prepared by investigating detective); State v. Rice (Feb. 18, 1999), Cuyahoga App. No. 72685, unreported (no error for trial court to consider facts recounted by prosecution underlying defendant's guilty plea); see, also, State v. Criss (Jan. 12, 2000), Summit App. No. 19298, unreported (trial court could rely on testimony of police sergeant who, though not personally involved in the investigation of the underlying crime, recounted contents of incident report and detective report); Cf. State v. Moran (June 29, 1999), Franklin App. No. 98AP-1193, unreported (parole officer's testimony recounting hearsay statements from four-year-old daughter of victim were not sufficiently reliable and therefore inadmissible); State v. Austin (2000), 138 Ohio App.3d 547, 551 (hearsay testimony of child abuse investigator alleging uncharged incident over thirteen years old was unreliable and therefore inadmissible at sexual predator hearing).
Here, appellant does not argue that the hearsay statements recounted by the prosecution were unreliable, and we do not find them to be. As such, the trial court did not err in relying on such statements in making its determination that appellant is a sexual predator. Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant contends that, even if a trial court generally may base a sexual offender classification determination solely upon the facts recounted by the prosecution at the guilty plea hearing, the trial court may not do so where the guilty plea of the defendant is made under the principles announced in Alford, supra. According to appellant, an Alford plea is different from a regular guilty plea in that the defendant does not admit to the facts underlying his conviction. As such, appellant argues that the trial court should not be permitted to use the recitation of facts by the prosecution at the plea hearing to support its determination. Again, we disagree.
In Alford, the United States Supreme Court held that a guilty plea may be properly accepted despite the defendant's protestations of factual innocence. As stated by the Supreme Court, "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Id. at 37.
Other than a claim of innocence, there is no significant difference between a regular guilty plea and an Alford plea properly accepted by the trial court. See State v. Maples (Mar. 11, 1994), Lucas App. No. L-93-009, unreported. As such, for purposes of a sexual predator determination, it is immaterial that appellant did not affirmatively admit to the facts recited by the prosecution at appellant's guilty plea hearing. Simply put, the hearsay statements contained in the prosecution's recitation of facts are no less reliable because appellant entered an Alford plea. Appellant's second assignment of error is not well-taken.
For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas adjudicating appellant to be a sexual predator is affirmed.
 _____________________ LAZARUS, J.
TYACK and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.