OPINION
Defendant-appellant Kenneth Turner ("Turner") brings this appeal from the judgment of the Court of Common Pleas of Hancock County finding Turner to be a sexual predator.
On December 5, 1977, Turner was convicted of rape and sentenced to serve seven to twenty-five years in prison. Turner was released on parole in 1984. In 1986, Turner was alleged to have violated the terms of his parole by 1) leaving the state without permission; 2) discontinuing his AA meetings without permission; 3) threatening his fourteen year old niece with a pocket knife and allegedly raping her; and 4) owning a weapon, i.e. a pocket knife. Turner was arrested in Utah and extradited to Ohio in 1987. Turner admitted to the first two violations, but denied the second two. In 1988, Turner's parole was revoked on the technical violations and he was returned to prison.
On June 13 and June 18, 2001, a hearing was held to determine if Turner should be classified as a sexual predator pursuant to R.C. 2950.09. Turner claimed that he could not be classified because of a pending mandamus action in the Tenth Appellate District Court and because the hearing would violate R.C. 2963.23. The trial court disagreed with both arguments and proceeded with the hearing. On June 18, 2001, the trial court found Turner to be a sexual predator. It is from this judgment that Turner appeals.
Turner raises the following assignments of error.
 The lower court erred in rendering a decision which was against the manifest weight of the evidence when it classified [Turner] as a sexual predator.
 The lower court erred in rendering a decision in violation of R.C. 2963.23.
At a sexual offender classification hearing, the state must show by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger
(2001), 91 Ohio St.3d 158, 743 N.E.2d 881. If the state proves both elements, the offender can be designated a sexual predator. Id. At the hearing, the trial court may consider reliable hearsay in making its conclusions, even if that hearsay involves activities for which criminal charges were never brought. State v. Austin (2000), 138 Ohio App.3d 547,741 N.E.2d 927.
In the first assignment of error, Turner claims that the trial court's conclusion that he was a sexual predator was against the manifest weight of the evidence. Turner argues that the trial court did not consider any of the positive factors in the reports, only the negative ones. This argument is based upon the trial court's recitation of the negative factors in its judgment entry. The weight of the evidence concerns the greater amount of credible evidence offered, indicating that the party with the burden of proof is entitled to the verdict. State v. Thompkins
(1997), 78 Ohio St.3d 380, 287, 678 N.E.2d 541, 546.
In this case, the trial court reviewed the court diagnostic report, an institutional summary, and an incident summary of the original offense[1]. The incident report covered the facts surrounding the initial rape charge. It discussed how the victim was a thirteen year old girl who was babysitting his girlfriend's children. According to the summary, Turner repeatedly raped the girl and threatened to kill her if she did not cooperate with him. Turner later admitted that he did not know if he had committed this act because he was drunk at the time.
The institution summary report indicated that Turner refused to accept responsibility for his crimes and refused to participate in the sex offender programming. It also revealed that Turner has violated parole and has a long criminal history, though no prior crimes of violence. Turner does not have a high school diploma or a GED. However, the report indicates that Turner is capable of holding down a job and followed the rules of the institution. A psychological evaluation completed on December 23, 1991, the psychologist concluded as follows:
 Without formal sex offender treatment, the examiner cannot rule out continued danger to girls or young women. Turner should not associate with teenage girls if on parole; he might also be a danger to younger girls or to young adult women.
This opinion was reiterated after the December 21, 1995, psychological interview.
In the court diagnostic report, the examiner again reviewed the legal history of Turner and focused on the offense for which Turner was imprisoned. The examiner stated the following opinion.
 Kenneth Turner is a 56 year old man who was referred for sexual classification pertaining to a conviction for Rape in 1977. This offense involved the forcible rape of a 13 year old girl, for which he was sentenced 7-25 years in prison. He was paroled in 1984, and in 1986 he was accused of forcibly raping his 14 year old niece at knife point. He then fled the state and was apprehended in 1986 and returned to prison for violating parole. He was not, to my knowledge, charged with or convicted of the alleged rape of his niece, and therefore that accusation was not factored into to (sic) this risk assessment. Nonetheless, his recidivism risk is still estimated as Moderate, and all of these factors should certainly be considered in dispositional planning. This is particularly recommended since Mr. Turner has not accepted responsibility for any wrongdoing, nor did he participate in any kind of treatment for sexual offenders over the 23 year course of his incarceration. * * *
 Regarding sexual classification criteria, and based upon the factors discussed above, it is the examiner's opinion that Mr. Turner represents a moderate risk of recidivism, and that the Court should consider the designation of Sexual Predator.
Diagnostic report, 6.
Turner is currently imprisoned for the rape of a young girl. Thus, the state has shown that Turner has committed a sexual offense. The only other requirement is that the state show that Turner is likely to participate in another sexual offense in the future. The evidence shows that Turner refuses to attend sexual offender programs or substance abuse treatment. This is significant because it shows Turner's lack of desire to help himself. Given the proven claim of rape, the alleged rape of another young girl, which included the use of a weapon and threats of death, and the psychological evaluations concluding that without treatment, Turner could be a danger to young girls and young women, the trial court could reasonably conclude that Turner should be classified as a sexual predator. Thus, the first assignment of error is overruled.
Turner argues in the second assignment of error that he cannot be classified as a sexual predator because it is a civil matter. Turner claims that since he was extradited to Ohio from Utah, he cannot be served with a civil matter until his criminal matter is completed. R.C. 2963.23 provides as follows:
 A person brought into this state by, or after waiver of, extradition based on a criminal charge is not subject to service of personal process in any civil action in this state until he has been convicted in the criminal proceeding * * *.
Turner bases his argument on the idea that he was extradited to stand trial for the rape of his niece. However, this is not the case. Turner was extradited for parole violations. The criminal proceedings on the parole violations were completed when Turner was returned to prison to serve the remainder of his sentence. Thus, there is no pending criminal matter and Turner can be classified as a sexual predator. The second assignment of error is overruled.
The judgment of the Court of Common Pleas of Hancock County is affirmed.
WALTERS, P.J., and SHAW, J., concur.
[1] The summary was created by the probation department and the parties stipulated to its entry in lieu of the trial transcript which could not be located.