OPINION.
{¶ 1} This appeal is taken from a final judgment of the Trumbull County Court of Common Pleas convicting appellant, David C. While, of two counts of gross sexual imposition and one count of failure to register as a sexually oriented offender.
 {¶ 2} On December 14, 2000, the Trumbull County Grand Jury indicted appellant on the following charges: One count of failure to register as a sexually oriented offender, in violation of R.C.2950.04(A)(5) and 2950.99, a felony of the fifth degree; and three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4) and (B) felonies of the third degree. Appellant was arraigned on December 21, 2000, and entered a not guilty plea to all four charges.
 {¶ 3} Prior to the commencement of trial, appellant's counsel successfully argued to sever count one from the indictment thereby waiving appellant's right to a jury trial on count one. On February 5, 2001 trial began on the remaining three counts of the indictment. After testimony from the victim, appellant's counsel moved to dismiss count four from the indictment. The state did not object and the trial court granted the motion. On February 6, 2001, the jury returned a verdict of guilty on counts two and three of the indictment.
 {¶ 4} On February 7, 2001, appellant was tried to the court on count one. The court found appellant guilty on count one, announcing its verdict on April 10, 2001 and filing its judgment entry on April 13, 2001. On April 3, 2001, the court conducted a hearing to determine if appellant was a sexual predator. On April 10, 2001, the court labeled appellant a sexual predator and filed its judgment entry in accordance therewith on April 13, 2001.
 {¶ 5} The trial court filed its sentence entry on April 24, 2001 and sentenced appellant to six months on count one, five years on count two, and five years on count three, all counts to be served consecutive to each other. In total, appellant received a sentence of ten and one half years.
 {¶ 6} From this decision, appellant filed a timely notice of appeal with this court. He now submits the following assignments of error for our review:
 {¶ 7} "[1.] The trial court committed reversible error by sentencing the appellant on both of the gross sexual imposition charges of which the appellant was convicted.
 {¶ 8} "[2.] The trial court erred by admitting numerous unauthenticated and previously undisclosed documents, including a psychological report, at appellant's sexual predator hearing, over the objections of counsel.
 {¶ 9} "[3.] The appellant's conviction for failure to register as a sexually oriented offender was not supported by sufficient evidence.
 {¶ 10} "[4] The appellant's convictions for gross sexual imposition were against the manifest weight of the evidence."
 {¶ 11} Under his first assignment of error, appellant agues that the trial court improperly imposed consecutive, five-year sentences for the two counts of gross sexual imposition of which he was convicted. Appellant contends that the court erred in sentencing him on both counts insofar as they both occurred during one uninterrupted assaultive episode and had no separate and distinct animus. In short, appellant maintains that the two counts of gross sexual imposition should have been merged into a single count and the trial court should have sentenced him accordingly.
 {¶ 12} Pursuant to R.C. 2953.08, our review of a felony sentence is de novo. State v. Sims (Jan. 17, 2003), 11th Dist. No. 2001-L-081, 2003 Ohio App. Lexis 347, at ¶ 89. Hence, this court will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence. State v. Bradford (June 2, 2001), 11th Dist. No. 2001-L-103, 2001 Ohio App. Lexis 2487, at 1. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id.
 {¶ 13} The record demonstrates that the jury convicted appellant on two counts of gross sexual imposition, viz., touching the victim's breasts and rubbing her genital area over her undergarments. R.C. 2941.25
governs the issue of whether multiple counts should be merged. To wit, R.C. 2941.25 states:
 {¶ 14} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 15} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 16} Pursuant to R.C. 2941.25(B), a court does not err when it convicts a defendant for two distinct acts each with its own separate animus. Further, two offenses may be allied and of similar import pursuant to subsection (A), and a defendant may still be convicted of both crimes, if, under subsection (B) the alleged offenses were committed separately with a separate animus. See State v. Rance (1999)85 Ohio St.3d 632, 638-39; State v. Yodice (Dec. 31, 2002), 11th Dist. No. 2001-L-155, 2002 Ohio App. Lexis 7163, at ¶ 24; State v.Schrock (Nov. 8, 1991), 11th Dist. No. 89-L-14-099, 1991 Ohio App. Lexis 5361, at 15.
 {¶ 17} In order to determine whether multiple crimes should be merged, the Ohio Supreme Court has developed a two-step test: first, the court must determine whether the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other. If so, the crimes are allied offenses of similar import. However, the inquiry does not stop there. If the offenses are allied and of similar import for purposes of the first step, the court must then address the second prong; namely, the court must review the defendant's conduct to determine whether he can be convicted of both offenses. If the court finds that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both. State v. Nicholas (1993), 66 Ohio St.3d 431, 434, citing, State v. Blankenship (1988), 38 Ohio St.3d 116, 117.
 {¶ 18} In State v. Sanchez (April 9, 1999), 11th Dist. No. 98-A-0006 this court relied on the Nicholas — Blankenship test wherein we noted "the distinct elements of oral rape and digital rape do not correspond to such a degree that the commission of one will automatically result in the commission of another." Id. at 6. InSanchez, the crimes in question were sufficiently dissimilar to obviate the second step of the test. As such, we held that the trial court appropriately declined to merge two counts of rape in an incident where the defendant raped a twelve year old victim by inserting his tongue and finger into her vagina.
 {¶ 19} In the case sub judice, the elements of each offense mirror one another, i.e., both counts two and three charge appellant with gross sexual imposition. However, the evidence adduced at trial indicates that appellant initially touched the victim's bare breast and then proceeded to massage her genitalia through her underwear. In effect, appellant maneuvered his hand over two separate erogenous zones (the victim's breast and genital area). In order to move his hand from the victim's upper chest to her pelvic area, appellant had to engage in a volitional act that can scarcely be understood as an "incidental movement." As such, the nature of appellant's conduct requires an inference of a separate and distinct animus for each act. Thus, the trial court did not err in failing to merge counts two and three.
 {¶ 20} Further, in State v. Willis (Aug. 9, 1999), 12th Dist. No. 99-01-007, 1999 WL 601019, the appellant was charged with and convicted of three counts of GSI. Specifically, the appellant invited his stepdaughter to his apartment for the ostensible purpose of bringing some mail. Once she arrived, the appellant compelled her to submit, by force or threat of force, to fondling and kissing her breasts (count 1); fondling her vaginal area (count 2); and fondling appellant's penis (count 3). All acts were accomplished within a short period of time. Nonetheless, the Twelfth District concluded that the appellant committed three separate and distinct acts of sexual contact. In doing so, the court noted, "[t]he fact that these crimes were committed within a short period of time is not conclusive. We recognize that this case or similar ones we may encounter in the future necessarily involves a fact specific analysis." Id at 2. Thus, the existence or non-existence of a temporal gap between allegedly separate acts of GSI is relevant, but not dispositive to the resolution of the merger issue.
 {¶ 21} Moreover, in State v. Austin (2000), 138 Ohio App.3d 547, the Third Appellate District held that a criminal defendant can be convicted of two counts of gross sexual imposition even though each act occurred closely in time. In Austin, the defendant was charged with touching the victim's breast with his hand and kissing the victim's breast with his mouth. The court stated: "[t]he record does not indicate that hand and mouth were used in a single, simultaneous instance; rather it is acknowledged that the acts occurred separately but in close proximity of time during the same extended assault of the victim. Consistent with the holding of State v. Nicholas, it is our conclusion that in this case, these acts were of sufficiently separate character both in terms of the animus of the defendant and in terms of the sense of violation undoubtedly experienced by the victim, so as to constitute separate crimes that do not constitute allied offenses of similar import." Austin, 138 Ohio App.3d at 550.
 {¶ 22} The instant case can be analogized with both Willis andAustin. Although the commission of each crime had some degree of temporal propinquity, the acts were not contemporaneous with one another. Put differently, although both acts could be construed as part of the "same assaultive episode," appellant voluntarily moved his hand from the victim's breast to her genital area, two fundamentally distinct physical regions. Neither act can be reasonably considered incidental to the other. Therefore, the acts were of a sufficiently separate character in terms of appellant's animus to constitute separate crimes. Id.
 {¶ 23} In sum, our review of the record demonstrates that the evidence supports appellant's conviction on counts two and three. Appellant has failed to produce clear and convincing evidence that the trial court erred in sentencing him on two counts of gross sexual imposition. Under the circumstances, both counts of gross sexual imposition are based on separate and distinct acts each with its own independent animus. Consequently, the trial court did not err in sentencing the appellant on both counts to consecutive terms of five years respectively. Therefore, appellant's first assignment of error has no merit.
 {¶ 24} Under his second assignment of error, appellant argues that the trial court erred by admitting various unauthenticated and previously undisclosed documents at his sexual predator hearing. We disagree
 {¶ 25} As a matter of procedure, appellant bears the burden of providing the reviewing court with a record of the facts, testimony, and evidentiary matters necessary to support his assignment of error. Ham v.Park (1996), 110 Ohio App.3d 803, 809. However, appellant neither details nor cites the documents of which he complains. Therefore, without a greater indicia of evidence, this court cannot accurately assess the validity of appellant's claims.
 {¶ 26} Notwithstanding the lack of precision, this court has previously held that the rules of evidence do not strictly apply in a sexual predator determination hearing. State v. Swank (Dec. 21, 2001), 11th Dist. No. 98-L-049, 2001 Ohio App. Lexis 5846, at 4, citing Statev. Cook (1998), 83 Ohio St.3d 404; see also, State v. King (Dec. 29, 2000), 11th Dist. No. 99-G-2237, 2000 Ohio App. Lexis 6191, at 3. In his brief, appellant underscores the proposition that reliable hearsay evidence may be relied upon and admitted by a court in a sexual predator hearing. Apparently appellant believes, but fails to express, that the documents in question were essentially unreliable. That is, appellant never explicitly argues that the documents were untrustworthy or inaccurate copies of the original(s). Nor does he argue that the result of his hearing would have been different had the documents been properly authenticated. As such, we conclude that the trial court's admission of the unauthenticated documents does not constitute reversible error because there is neither evidence in the record nor in appellant's brief that suggests the documents are untrue or unreliable copies of the original. Swank, supra, at 7-8, citing Internatl. Bhd. of ElectricalWorkers v. Smith (1992), 76 Ohio App.3d 652, 660.
 {¶ 27} For all of the above reasons, appellant's second assignment of error is not well taken.
 {¶ 28} In his third assignment of error, appellant maintains that his conviction for failure to register as a sexually oriented offender was not supported by sufficient evidence. This court has consistently held that an appellant must move for a Crim.R. 29 motion for acquittal at trial in order to preserve the right to appeal on the basis of the sufficiency of the evidence. See, e.g., State v. Stewart (Dec. 27, 2002), 11th Dist. No. 2001-P-0035, 2002 Ohio App. Lexis 7056, at ¶ 72. The purpose of a motion for judgment of acquittal is to test the sufficiency of the evidence and where the evidence is insufficient, to take the case from the jury. In a non-jury trial, however, the defendant's plea of not guilty serves as a motion for judgment of acquittal and obviates the renewal of a Crim.R. 29 motion at the close of all the evidence. Village of North Kingsville v. Anthony (Dec. 5, 1997), 11th Dist. No. 97-A-0018, 1997 Ohio App. Lexis 5438, at fn. 3, citingCity of Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163, overruled on other grounds. State v Lazzaro (1996), 76 Ohio St.3d 261.
 {¶ 29} Although appellant's defense counsel never explicitly made a formal Crim.R. 29 motion, he did object to the admission of uncertified records that were the partial basis of proof for the failure to register count. In his objection, appellant's trial counsel specifically sought a "dismissal" of the count because the uncertified records were not competent. Because the uncertified records established necessary facts for proving all the elements of the failure to register count, they were sine qua non to the state's case. In other words, without the admission of the uncertified records, the evidence was insufficient for a conviction on this count. Hence, appellant's trial counsel's objection was adequate to preserve the insufficiency issue for review.
 {¶ 30} In examining a claim that a conviction is not supported by sufficient evidence, "[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Stewart, supra, at ¶ 74; citing Statev. Jenks (1991), 61 Ohio St.3d 359, paragraph two of syllabus.
 {¶ 31} Appellant was charged under R.C. 2950.04(A)(5). At the time appellant's indictment was issued, R.C. 2950.04(A)(5) stated in relevant part:
 {¶ 32} "(A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense * * * shall register with the sheriff of the following applicable described county and at the following time:
 {¶ 33} "* * * (5) Regardless of when the sexually oriented offense was committed, * * * if the offender is convicted of or pleads guilty to a sexually oriented offense in another state or in a federal court, * * * if, on or after July 1, 1997, the offender is released from imprisonment or confinement imposed for that offense, and if, on or after July 1, 1997, the offender moves to and resides in this state or temporarily is domiciled in this state for more than seven days, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days the offender shall register with the sheriff of that county * * *."
 {¶ 34} As such, the prosecutor had to prove that (1) appellant was convicted or pleaded guilty to a sexually oriented offense in another state; (2) appellant was released from imprisonment after July 1, 1997; and (3) appellant moved to and resided in Ohio or temporarily was domiciled in Ohio for more than seven days of the appellant's coming into any county in which he resided or temporarily was domiciled for more than seven days. Although appellant argues that the state was additionally required to prove that he acted "recklessly" in not reporting his relocation to Trumbull County, the Supreme Court of Ohio has held that this provision does not require scienter. Cook, supra,83 Ohio St.3d 419-20.
 {¶ 35} At trial the state presented evidence that appellant had been convicted of four counts of attempted sexual battery in the State of Florida in May of 1987. For this conviction, appellant received a thirty year prison sentence of which he served thirteen years. This evidence was presented in the form of various uncertified court records from Pinellas County, Florida, including a judgment entry and a sentencing entry. The state also offered witness testimony regarding appellant's release from prison (June 9, 1999), his date of registration as a sexual offender in Florida (May 24, 1999), and his post-release "next known address" (40 Trumbull Court, Youngstown, Ohio, Trumbull County). The state also introduced an Ohio Certificate of Title for a camping trailer which appellant sold to a Trumbull County resident. The document listed appellant's address as 158 ½ E. 2nd St., Perrysville, Ohio, 44436. Appellant's driver's license, issued November 9, 1999, also shared this address.
 {¶ 36} Applying the state's evidence to the elements set forth in R.C. 2950.03(A)(5), we find that the state failed to offer sufficient evidence to sustain a conviction for failure to register. As to the first element, although the state presented evidence regarding appellant's prior conviction in Florida for attempted sexual battery, it failed to provide properly authenticated, certified copies of such convictions. At trial the state offered uncertified photocopies of appellant's Florida conviction and sentence. This strategy fails to comport with Evid.R. 902, which requires copies of public records to be certified before they are self-authenticating. Thus, the evidence appellee offered on the first element of R.C. 2950.04(A)(5) was not competent.
 {¶ 37} Moreover, although the state offered evidence to suggest that appellant had resided or was temporarily domiciled in the state of Ohio for more than seven days, it failed to establish any evidence that appellant resided or was temporarily domiciled in Trumbull County for more than seven days. With respect to this issue, the state submitted documents indicating that appellant resided in Ashland County subsequent to his release from the Florida penitentiary. Further, in its closing arguments, the state made a conclusory reference, unsupported by testimony, to a residence in Niles, Trumbull County, Ohio where appellant allegedly resided with his wife.
 {¶ 38} The evidence of appellant's Ashland County address does not establish appellant's residence or temporary domicile in Trumbull County. Moreover, the state's wayward reference to the Trumbull County residence was neither supported by witness testimony nor appropriate documentation. In sum, the state failed to present competent factual evidence to support a rational inference that appellant resided or was temporarily domiciled in Trumbull County, Ohio for more than seven days.
 {¶ 39} Therefore, when viewed in a light most favorable to the prosecution, it is our position that no rational trier of fact could find that the essential elements of R.C. 2950.04(A)(5) were established beyond a reasonable doubt. As such, the state did not present sufficient evidence to sustain appellant's conviction for failure to register as a sexually oriented offender. It seems apparent to this court that the state relied upon facts established during appellant's jury trial to support the failure to register charge. However, because the failure to register count was tried separately to the bench, it was a separate proceeding. Although some of the facts established at appellant's jury trial supported the failure to register count, the state was obligated to present those facts again during the bench trial. On remand, we would suggest that the state equip itself with the necessary competent documentation and/or testimony to thoroughly support the necessary elements of R.C. 2950.04(A)(5).
 {¶ 40} For the foregoing reasons, appellant's third assignment of error is well taken.
 {¶ 41} In his final assignment of error appellant argues that his convictions for gross sexual imposition were against the manifest weight of the evidence.
 {¶ 42} When reviewing a claim that the judgment was against the manifest weight of the evidence, we must review the entire record, weigh both the evidence and all the reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Sims, supra, at 5, citing State v. Thomkins (1997),78 Ohio St.3d 380, 387. Unlike a sufficiency of the evidence challenge, a manifest weight of the evidence claim contests the believability of the evidence presented. Sims, supra, at 11, citing State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. Lexis 5862 at 13. Therefore, the inquiry when reviewing a manifest weight of the evidence challenge is whether there is substantial evidence upon which a jury could reasonably conclude that all elements were proved beyond a reasonable doubt. State v. Wright (Mar. 29, 2002), 11th Dist. No. 2000-P-0128, 2002 Ohio App. Lexis 1497 at 4; see, also, State v. Nields
(2001), 93 Ohio St.3d 6, 25.
 {¶ 43} In order for an appellate court to reverse the judgment of the trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Thomkins, 78 Ohio St.3d at 387. However, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 44} In the present case, appellant was convicted of two counts of gross sexual imposition pursuant to R.C. 2907.05(A)(4), which states in pertinent part:
 {¶ 45} "(A) No person shall have sexual contact with another not the spouse of the offender; * * * when any of the following applies:
 {¶ 46} "* * * (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 47} The state put forth evidence that appellant sexually touched the victim in two erogenous zones. Specifically, by way of witness testimony, the state demonstrated that the appellant touched the victim's breast and her genital area. The state also proved that the victim was ten years old at the time of the sexual touching in question. As such, the state produced substantial evidence upon which the jury could conclude that each element was proved beyond a reasonable doubt.
 {¶ 48} However, appellant, in support of his contention, argues that the lack of physical evidence and alleged inconsistencies in the victim's testimony render the jury's verdict against the manifest weight of the evidence. We disagree. In particular, the crime of gross sexual imposition requires a party to commit "sexual touching." Insofar as "sexual touching" does not require penetration or some other practice that would generally leave trace evidence, the lack of physical evidence is neither surprising nor fatal. Moreover, the record shows that the victim's testimony was not inconsistent, but merely uncertain. Appellant asserts that the victim contradicted herself with regard to whether he ever touched her nipples. The victim never affirmatively asserted that he touched her nipples. On the contrary, she consistently maintained her position as to what happened; namely, that she was uncertain as to whether appellant actually touched her nipples. As far as this court can discern, the victim's testimony never wavered on this point.
 {¶ 49} Appellant further notes that the Trumbull County Children Services Board's (CSB) failure to videotape or audiotape its interview with the victim made it impossible for him to cross-examine the victim regarding the statements she made. Not taping such interviews is a matter of policy for CSB. However, it is manifestly unclear how this policy necessarily or directly encumbered appellant's ability to cross-examine the victim at trial. In fact, appellant's trial counsel had occasion to cross-examine the victim during appellant's jury trial on counts two and three. As such, the fact that CSB did not tape the victim's interview had no obvious effect on appellant's ability to confront and cross-examine the victim. Thus, the lack of a taped statement had no effect on appellant's ability to test the veracity of the victim's claims or her credibility.
 {¶ 50} Finally, appellant contends that Ronald Elkins' testimony was incredible because, in appellant's belief, Mr. Elkins' was receiving some benefit for his testimony. Again, the record belies such suspicions. To wit, evidence at trial established that appellant bragged to Mr. Elkins, a fellow jail inmate, that he touched the victim's breasts and put his hand in her pants. Appellant's trial attorney inquired into whether Mr. Elkins received any benefit for his testimony and Mr. Elkins continually denied receiving any such benefit. There is nothing in the record to suggest that Mr. Elkins was lying or that he expected a reward for his testimony. Thus, appellant's position regarding Mr. Elkins' credibility is, at best, speculative and unconvincing.
 {¶ 51} The above analysis highlights that the state presented substantial evidence upon which a jury could reasonably conclude, beyond a reasonable doubt, that the appellant committed both counts of gross sexual imposition. Appellant's arguments to the contrary are unpersuasive and do not demonstrate that his conviction resulted in a manifest miscarriage of justice. Thus, appellant's fourth assignment of error is not well taken.
 {¶ 52} Based on the aforestated analysis, appellant's first, second and fourth assignments of error are not well taken. However, because appellant's third assignment of error has merit, the judgment of the Trumbull County Court of Common Pleas is affirmed in part, reversed in part and the matter is remanded for further proceedings consistent with this opinion.
DONALD R. FORD, P.J., concurs,