{¶ 53} For the reasons that follow, I respectfully dissent from the first assignment of error wherein the majority concludes that the trial court did not err in sentencing appellant on two separate counts of gross sexual imposition.
 {¶ 54} As noted by the majority, R.C. 2941.25 governs the issue of merger for criminal sentencing. Based upon R.C. 2941.25, the Ohio Supreme Court set forth the Nicholas-Blankenship two-step analysis to determine when a criminal defendant can be sentenced for multiple offenses stemming from one criminal act. State v. Nicholas (1993), 66 Ohio St.3d 431, 434, citing State v. Blankenship (1988), 38 Ohio St.3d 116, 117.
 {¶ 55} In the first step, "the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. * * *" Blankenship at 117.
 {¶ 56} The majority appropriately finds that the elements of each offense of gross sexual imposition in counts two and three mirror each other. Accordingly, the second step of the Nicholas-Blankenship test must be analyzed.
 {¶ 57} "In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Blankenship at 117.
 {¶ 58} Upon application of the second step, the majority concludes that a separate animus existed for appellant's stroking of the victim's breast and appellant's rubbing of the victim's genitalia over her undergarments. The majority reasons that, even though appellant's acts were within moments of each other and parts of the "same assaultive episode," because his actions were volitional, there was a separate animus for each action. Consequently, the majority finds that the acts were of a sufficiently separate character in terms of appellant's animus to constitute separate crimes. I disagree.
 {¶ 59} In Newark v. Vazirani (1990), 48 Ohio St.3d 81, the Supreme Court of Ohio, while applying the second step of theNicholas-Blankenship test, defined animus as the defendant's "`* * * purpose, intent, or motive * * *.'" Id. at 84, quoting, Blankenship at 119, (J. Whiteside, concurring). After applying the Nicholas-Blankenship
two-step analysis, the Court held that the defendant's actions did not constitute a separate animus since there was a single purpose, intent, or motive. Vazirani at 84.
 {¶ 60} This court has previously defined animus in a similar fashion. In State v. Williams (1996), 115 Ohio App.3d 24, 36, we explained that a defendant's animus is defined as his "purpose or immediate motive."
 {¶ 61} In the instant case, it is clear that, despite the volitional nature of appellant's actions, no separate animus existed. Specifically, several seconds of sexual gratification was appellant's sole purpose, intent, or motive in running his hand from the victim's breast area to her crotch. The victim gave the following testimony during direct examination which described appellant's movements:
 {¶ 62} "Q. Did he touch your breasts?
 {¶ 63} "A. Yes
 {¶ 64} "* * *
 {¶ 65} "Q. * * * And then what happened?
 {¶ 66} "* * *
 {¶ 67} "A. And then he started going down. Then he started going down and then he went —
 {¶ 68} "* * *
 {¶ 69} "A. And then he went down my pants and then —
 {¶ 70} "Q. Was it over your underwear or?
 {¶ 71} "A. Over my underwear."
 {¶ 72} The cases that the majority bases its ultimate conclusion upon are factually distinguishable from the case at bar. For example, in citing State v. Austin (2000), 138 Ohio App.3d 547, 550, the majority points out that the defendant was convicted of two separate counts of gross sexual imposition even though each act occurred closely in time. Although the court in Austin did not specify as to the amount of time between each act, it is clear that there was enough of a time differential to consider each act to be separate. Id. at 557. In the instant case, however, appellant's actions were continuous in nature in that he moved his hand directly from the victim's breast, over her stomach area, and down to her genital area. Unlike in Austin, appellant's fondling was a continuous motion. Therefore, appellant's actions should not be construed as separate acts as that defeats the purpose of R.C.2941.25.
 {¶ 73} The majority also relies upon our decision in State v.Sanchez (Apr. 9, 1999), 11th Dist. No. 98-A-0006, 1999 WL 270055. It is important to note that our holding in Sanchez explained that each act involved a distinct sexual activity. Id. at 6. Specifically, the distinct sexual activity included digital rape and oral rape. Id. Here, the sexual activity is far from distinct. While appellant engaged in fondling of two different areas of the victim's body, his movements did not include penetration by two different body parts into two different orifices, at two distinct times. Rather, appellant engaged in a single type of sexual activity, fondling.
 {¶ 74} I must also note that the legislative intent of R.C. 2941.25
was to prevent multiple convictions in situations such as the present. In drafting R.C. 2941.25, Ohio's General Assembly clearly realized that double jeopardy prohibits multiple convictions if the crimes are so similar that the commission of one will automatically result in the commission of another.
 {¶ 75} In the committee comment to R.C. 2191.45, the drafters stated that "the basic thrust of the section is to prevent `shotgun' convictions." As an example of a "shotgun" conviction, the drafters explained that theoretically a thief is guilty not only of theft but also of receiving stolen goods, insofar as he receives, retains, or disposes of the property he steals.
 {¶ 76} A "shotgun" conviction is exactly what we have here. As stated previously, although appellant's continuous movements took place during the same "assaultive episode" and were made with the same intent, purpose or motive, the prosecutor decided to charge appellant with two counts of gross sexual imposition. Such a result is in direct contradiction with the legislative intent of R.C. 2941.25.
 {¶ 77} In sum, the majority erroneously finds that appellant's volitional acts each had a separate animus. Such a finding is not in accordance with the definition of animus and the legislative intent of R.C. 2941.25. Furthermore, the cases that the majority cites as persuasive authority are factually distinguishable from the instant case
 {¶ 78} For the foregoing reasons, I would hold that the trial court erred in sentencing appellant on two separate counts of gross sexual imposition.