THE STATE OF OHIO, APPELLANT, *v.* BARNES, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* BARNES, JR., APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* BARNES, SR., APPELLEE.

(Nos. 81-1, 81-2, and 81-3—Decided October 28, 1981.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. William E. Breyer,* for appellant.

*Messrs. Furer, Moskowitz, Siegel & Mezibov* and *Mr. Marc D. Mezibov* for appellee Barnes.

*Mr. Dale G. Schmidt,* for appellee Barnes, Jr.

*Mr. Thomas E. Dunlap,* for appellee Barnes, Sr.

*Per Curiam.* The sole. question for review is whether under R. C. 2941.25(B)[2], entry into two bodily orifices constitutes two separate rape offenses of the same or similar kind for both of which a defendant may be convicted.

In Ohio, either vaginal intercourse or fellatio constitutes separate sexual conduct, each punishable as rape under R. C. 2907.01(A). See footnote 1.

With reference to the application of division (B) of R. C. 2941.25, the Court of Appeals determined that the sexual conduct of each defendant did not constitute "two***offenses of the same kind committed separately or with a separate animus as to each***." We disagree.

In this cause, each defendant by engaging in fellatio followed immediately by vaginal intercourse committed "two ***offenses of***similar kind***separately***[and] with a separate animus as to each***" within the meaning of division (B) of R. C. 2941.25. The trial court properly convicted each defendant for both crimes of rape.

We are mindful that this court in many recent cases, in varying situations, has made a thorough and extensive analysis of the multiple counts statute, R. C. 2941.25. Another exhaustive exploration, distinguishing or considering the applicability of earlier precedents of this court, would not be judicially fruitful. The last apt, well-reasoned and exhaustive examination of this statute by this court is contained in the opinion of Rutherford, J., in *State* v. *Baer* (1981), 67 Ohio St. 2d 220. Our decision today is compatible with *State* v. *Baer, supra.* We are consistent with the rationale and holdings of

---

[2] R. C. 2941.25(B) provides:

"Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

those cases where the defendant was convicted and sentenced separately for two offenses, such as *State* v. *Ware* (1980), 63 Ohio St. 2d 84; *State* v. *Frazier* (1979), 58 Ohio St. 2d 253; and *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, and with those cases where defendant could not be convicted and sentenced separately for two offenses, such as *State* v. *Roberts* (1980), 62 Ohio St. 2d 170; *State* v. *Price* (1979), 60 Ohio St. 2d 136; *State* v. *Logan* (1979), 60 Ohio St. 2d 126; *State* v. *Donald* (1979), 57 Ohio St. 2d 73; and *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238.

Accordingly, that part of the judgment of the Court of Appeals which requires the trial court to elect one of two convictions of rape upon which to enter judgment is reversed.

*Judgment accordingly.*

W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

CELEBREZZE, C. J., concurring. I concur in the majority's conclusion that each defendant was lawfully convicted of two separate counts of rape. However, for the reasons that follow, I would like to articulate, separately, my basis for concurring in this judgment.

R. C. 2941.25(A) provides, in essence, that where the *same conduct* by a defendant constitutes two or more allied offenses of similar import, the indictment may contain counts for all such offenses, but that the defendant may be convicted of only one offense.

The Court of Appeals failed to recognize, however, that it was not, strictly speaking, the *same conduct* of each defendant which gave rise to the multiple count indictment and conviction. Rather, it was different, multiple sexually assaultive acts—forcible fellatio and forcible vaginal intercourse—which resulted in two chargeable rape offenses. Each act was a separate and distinct offense. Each act violated a different area of the victim's body. Each act subjected the victim to a different kind of injury, pain, danger, fear and humiliation.

In light of these differences, therefore, it cannot be seriously contended that the *same conduct* by each defendant constitutes two or more allied offenses of similar import.

Clearly, the Court of Appeals erroneously concluded that the same conduct generated the multiple charges.

Furthermore, recent precedent from this court reinforces the proposition that R. C. 2941.25(A) is inapplicable to the facts *sub judice*. In *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 131, for example, the court, in observing that the basic thrust of the multiple counts statute is to prevent "shotgun convictions," recognized that R. C. 2941.25(A) covers those situations where a *singular* criminal act constitutes more than one crime, such as the thief who is theoretically guilty of both theft and receiving stolen goods. See *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238; *State* v. *Botta* (1971), 27 Ohio St. 2d 196. See also, Committee Comment to R. C. 2941.25.[3] Thus, there is nothing in the prior decisions of this court which even suggests that R. C. 2941.25(A) pertains to a case involving multiple, forcible penile penetrations of two separate orifices of the victim's body.

Consequently, we are left with R. C. 2941.25(B), which provides, in effect, that where a defendant's conduct results in "two or more offenses of the same or similar kind," the defendant may be convicted of *all* of the offenses if they were committed separately or with a separate animus as to each. *State* v. *Ware* (1980), 63 Ohio St. 2d 84; *State* v. *Price* (1979), 60 Ohio

---

[3] "This section provides that when an accused's conduct can be construed to amount to two or more offenses of similar import, he may be charged with all such offenses but may be convicted of only one. If his conduct constitutes two or more dissimilar offenses, or two or more offenses of the same or similar kind but committed at different times or with a separate 'ill will' as to each, then he may be charged with and convicted of all such offenses.

"The basic thrust of the section is to prevent 'shotgun' convictions. For example, a thief theoretically is guilty not only of theft but of receiving stolen goods, insofar as he receives, retains, or disposes of the property he steals. Under this section, he may be charged with both offenses but he may be convicted of only one, and the prosecution sooner or later must elect as to which offense it wishes to pursue. On the other hand, a thief who commits theft on three separate occasions or steals different property from three separate victims in the space, say, of 5 minutes, can be charged with and convicted of all three thefts. In the first instance the same offense is committed three different times, and in the second instance the same offense is committed against three different victims, i.e. with a different animus as to each offense. Similarly, an armed robber who holds up a bank and purposely kills two of the victims can be charged with and convicted of one count of aggravated robbery and of two counts of aggravated murder. Robbery and murder are dissimilar offenses, and each murder is necessarily committed with a separate animus, though committed at the same time."

St. 2d 136, certiorari denied, 446 U. S. 943; *State* v. *Logan, supra.*

Since two counts of rape are obviously "two or more offenses of the same or similar kind," for R. C. 2941.25(B) purposes, the critical issue in this case really is whether each defendant's forcible penile entries into two separate bodily orifices of the victim, arising out of the same sexually assaultive episode, were committed separately, thus justifying each defendant's conviction and sentence on each count of rape.

In evaluating whether multiple, forcible sexual acts constitute one or multiple rape offenses, the cases from this and other jurisdictions identify the following factors: (1) nature of the act and risk of harm to the victim, (2) time, (3) place, (4) intent, (5) cumulative punishment, (6) muscular contraction and (7) number of victims. See *Harrell* v. *State* (1979), 88 Wis. 2d 546, 572, 277 N.W. 2d 462, affirmed *sub nom., Harrell* v. *Israel* (E.D. Wis., 1979), 478 F. Supp. 752. See, also, *Deeds* v. *State* (Nev. 1981), 626 P. 2d 271; *Vaughan* v. *State* (Mo. App. 1981), 614 S.W. 2d 718; *State* v. *Eisch* (1980), 96 Wis. 2d 95, 291 N.W. 2d 800; *Hamill* v. *State* (Wyo. 1979), 602 P. 2d 1212; *State* v. *Steele* (1978), 33 Ore. App. 491, 577 P. 2d 524; *State* v. *Dennis* (Mo. App. 1976), 537 S.W. 2d 652. See, generally, *State* v. *Logan, supra; State* v. *Frazier* (1979), 58 Ohio St. 2d 253.

Generally speaking, the presence or absence of a single factor or a combination of factors is not dispositive in identifying one or two offenses. See *Harrell* v. *State, supra,* at 572. However, most courts which recognize that multiple sexual entries constitute separate and distinct offenses attempt to discern an interval of time, or some change, in the conduct of the defendant, sufficient to justify the conclusion that two separate offenses have been committed. It is important to note, though, that no rigid time lapse has ever been established and courts have found, as a matter of law, separate and distinct offenses for sexual violations which have been very proximate in time. *Hamill* v. *State, supra,* at 1216. Clearly, the distinction does not necessarily depend on the *length* of the interval, but rather, on the mere *existence* of an interval.

Applying the rationale of the foregoing cases to the facts

at bar, I submit that there was an interval, albeit brief, between the oral and vaginal entries, sufficient to show that each entry was committed at a different time. More precisely, each defendant forcibly inserted his penis into the mouth of the victim. After this was accomplished, each defendant then changed directions and forcibly engaged in vaginal intercourse. This maneuver required termination of the fellatio and resulted in an interval for re-positioning so that the vaginal intercourse could be effected.

However, the key to this case lies not in the time lapse between the penile penetrations, which interval, in my estimation, is insufficient, *standing alone,* to denominate two separate offenses. Rather, the pivotal consideration lies in the fundamental factual distinction between the *nature* of a forcible oral penetration and the *nature* of a forcible vaginal penetration. Certainly, the victim was exposed to a different *kind,* not merely a different *degree,* of injury, pain, danger, fear and humiliation from the vaginal penetration than from the oral penetration.

A forcible vaginal penetration, unlike an oral penetration: (1) creates a pregnancy possibility; (2) increases the risk of venereal disease in the vaginal canal, possibly leading to further complications; (3) increases the risk of harm to other organs in the lower abdominal region; and (4) may very well be more psychologically traumatic to the victim.

On the other hand, other victims may consider a forcible oral penetration to be more abnormal, unnatural and humiliating.

Therefore, in view of the aforementioned distinctions in the time *and* nature of each act, the Court of Appeals' conclusion that each defendant committed one rape seems, to me, legally and logically incorrect.

A case like this compels me to make one final observation. If this court were to identify only one rape offense for each defendant, we would, in effect, be issuing a license to rape. The appellate court's philosophy, enables a rapist, after the first penetration, to commit two or three rapes for the penal price of one. To affirm the decision of the lower court in this case would be to sanction a total disregard for the safety of the

victim. As the court so graphically stated in the analogous case of *Harrell* v. *State, supra,* at 565:

"***Repeated acts of forcible sexual intercourse are not to be construed as a roll of thunder, — an echo of a single sound rebounding until attenuated. One should not be allowed to take advantage of the fact that he has already committed one sexual assault on the victim and thereby be permitted to commit further assaults on the same person with no risk of further punishment for each assault committed. Each act is a further denigration of the victim's integrity and a further danger to 'the victim.''

Therefore, in light of the foregoing analytical framework, I believe that each defendant's penile entries into two separate orifices of the victim, arising out of the same sexually assaultive episode, constitute two separate, distinct rapes. Accordingly, I agree that the multiple convictions and sentences should be reinstated.

SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur in the foregoing concurring opinion.