THE STATE OF OHIO, APPELLEE, *v.* WILKIN, APPELLANT.

150

(No. 8207—Decided September 6, 1983.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. David M. Dalton,* for appellee.

*Mr. J. Timothy Cline, Jr.,* for appellant.

KERNS, J. On September 10, 1982, Officers May and Sipes of the Dayton Police Department received a dispatch concerning a man waving a gun outside of a residence located at 16 West Mumma Street in Dayton, Ohio. When the officers arrived upon the scene, they noticed that the defendant, William D. Wilkin, appeared to be in an intoxicated condition, and upon searching him, they found a .22 caliber gun in his pants pocket and a knife on his belt.

On September 20, 1982, Wilkin was tried in the Dayton Municipal Court and found guilty of carrying a concealed weapon, to wit, a knife, and he was thereupon sentenced to the Dayton Human Rehabilitation Center for a period of six months.

Then, on September 23, 1982, the defendant was indicted in the Court of Common Pleas of Montgomery County for carrying a concealed a weapon, to wit, a firearm, in violation of R.C. 2923.12. Wilkin moved to dismiss the indictment, but his motion was overruled, after which he withdrew his former plea of not guilty and entered a no contest plea to the charge. On February 1, 1983, the defendant was placed on probation pursuant to a suspended sentence of from two to ten years imprisonment for carrying the concealed gun, and from the judgment so entered in the Court of Common Pleas of Montgomery County, Wilkin has appealed to this court.

In this court, the appellant has set forth two assignments of error as follows:

"1. The court erred in entering a judgment of conviction and sentence for the felony charge of carrying a concealed weapon, to-wit: a firearm, and in overruling defendant's motion to dismiss the indictment on the same grounds in that the court in so doing violated defendant's rights as to double jeopardy and defendant's rights pursuant to O.R.C. 2941.25(A) because the defendant had already been convicted and sentenced to a misdemeanor charge of carrying a concealed weapon that arose from the same set of facts and search of the defendant.

"2. The court erred in not determining whether the offenses were committed with a separate animus as to each O.R.C. 2941(A) [*sic* R.C. 2941.25(B) ] to justify a judgment of conviction and sentencing on the felony charge of carrying a concealed weapon."

Ordinarily, carrying a concealed weapon is a misdemeanor of the first degree, but if the concealed weapon is a loaded firearm, as in the present case, then carrying a concealed weapon is a felony of the third degree. R.C. 2923.12. Hence, both offenses could not have been pursued in the Dayton Municipal Court (R.C. 2931.03), and there being no issue of collateral estoppel involved in these proceedings (*State, ex rel. Susi,* v. *Flowers* [1975], 43 Ohio St. 2d 11 [72 O.O.2d 6] ), there was no constitutional impediment to

the pursuit of the indictment returned in the court of common pleas.

The test to determine whether successive prosecutions impermissibly involve the same offense under the Double Jeopardy Clause was set forth in *Blockburger* v. *United States* (1932), 284 U.S. 299, 304, as follows:

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

Although there may have been a substantial overlap in the proof offered to establish the two concealed weapons charges, the test espoused in the *Blockburger* case nonetheless applies, and in the present case, additional facts necessarily had to be developed in conjunction with the no contest plea in order to support the finding of guilt. In fact, the proof submitted to sustain the misdemeanor charge in the Dayton Municipal Court would have been insufficient to sustain the felony conviction in the court of common pleas. See *United States* v. *Pucket* (C.A. 10, 1982), 692 F. 2d 663. See, also, *Brown* v. *Ohio* (1977), 432 U.S. 161. Hence, double jeopardy did not attach in these proceedings.

The remaining question posed by the assigned errors revolves around the applicability of R.C. 2941.25, which provides as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Initially, the appellant argues that the trial court did not consider the statute, and that the case should be remanded, therefore, to the trial court for a hearing on the matter. However, the record discloses that a motion to dismiss the indictment was filed on December 23, 1982 on the stated ground that the indictment violated the multiple-counts section, and on January 13, 1983, the court of common pleas entered a decision overruling the motion to dismiss. Furthermore, the record shows that the motion to dismiss the indictment was overruled prior to the time of sentencing on January 28, 1982. Hence, we perceive no valid reason for remand of the case to the court of common pleas.

Furthermore, an analysis of R.C. 2941.25, as it relates to the facts and circumstances shown by the record, provides no basis for disturbing the order of the trial court overruling the motion to dismiss. As may be noted, the two offenses, one a misdemeanor and the other a felony, were not allied offenses "of similar importance, consequence, and signification," and they were of "dissimilar import," therefore, under the definition adopted in *State* v. *Baer* (1981), 67 Ohio St. 2d 220, 226 [21 O.O.3d 138]. Moreover, each of the offenses, especially from the standpoint of criminal design and purpose, involved a separate animus, and strictly speaking, the concealed weapons charges were not even traceable to the same conduct in each case. See *State* v. *Barnes* (1981), 68 Ohio St. 2d 13 [22 O.O.3d 126].

Accordingly, neither of the alleged errors is well-taken, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WEBER, J., concur.