OPINION
Defendant-appellant, Lewis J. Washington, III, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of two counts of gross sexual imposition pursuant to his guilty plea and sentencing him accordingly.
On May 5, 2000, appellant was indicted on one count of rape, in violation of R.C. 2927.02; two counts of gross sexual imposition, in violation of R.C. 2907.05; and one count of kidnapping, in violation of R.C. 2905.01. One count of gross sexual imposition and the kidnapping count included a specification, pursuant to R.C. 2941.148, that appellant was a sexually violent predator. In addition, the kidnapping count included another specification, pursuant to R.C. 2941.147, that appellant committed the kidnapping with a sexual motivation. These counts all concerned alleged sexual conduct appellant had with his eight-year-old niece while she was staying at his home.
After originally entering a not guilty plea to all of the charges, appellant subsequently pled guilty to two counts of gross sexual imposition. The remaining counts were dismissed. After accepting his guilty plea, the trial court sentenced appellant to six months in prison for each count and ordered that the two sentences be served consecutively. Appellant was also found to be a sexually-oriented offender. Appellant appealed, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT TO TWO CONSECUTIVE TERMS, INSTEAD OF CONCURRENT TERMS.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN NOT MERGING THE TWO GROSS SEXUAL IMPOSITION COUNTS FOR SENTENCING.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM AFTER FINDING THAT APPELLANT WOULD BENEFIT FROM COMMUNITY CONTROL.
Appellant's first and third assignments of error will be addressed first. The state agrees with appellant that the trial court did not make the findings required by R.C. 2929.14(E) to impose consecutive sentences, and that the trial court also failed to make the finding required by R.C. 2929.13(B)(2)(a) to impose a prison sentence. Accordingly, appellant's first and third assignments of error are sustained and this matter is remanded to the trial court for resentencing.
In his second assignment of error, appellant alleges that the trial court erred by failing to merge the two gross sexual imposition counts for purposes of sentencing. This assignment of error is arguably waived due to trial counsel's failure to object to the issue at the trial level. See State v. Drake (1998), Franklin App. No. 98AP-448. Nonetheless, because this case is being remanded for resentencing, we will address this assignment of error.
Appellant contends that his two gross sexual imposition convictions were offenses of similar import and should have been merged for sentencing, in accordance with R.C. 2941.25(A). That statute provides that:
 Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
However, R.C. 2941.25(A) is not applicable to these facts. That section of the statute applies where "the same conduct" can be construed to constitute two or more allied offenses of similar import. In the present case, appellant's conduct did not constitute two allied offenses of similar import. According to the state's recitation of facts at appellant's sentencing, the victim stated that appellant had touched her in improper places with his penis and his fingers several times. She stated that he had touched her vagina and had also touched her anus. These different and distinct instances, although in close proximity, demonstrate multiple offenses and not a single, simultaneous act. See State v. Barnes (1981), 68 Ohio St.2d 13, 14; State v. Ware (1977),53 Ohio App.2d 210, 211 (finding that the commission of anal rape after vaginal rape constituted two separate acts of rape); State v. Moralevitz (1980), 70 Ohio App.2d 20, 28 (finding that three separate acts of sexual contact in the same time period constituted offenses of "similar kind committed separately" and were not allied offenses of similar import); State v. Degroat (2001), Franklin App. No. 00AP-1485 (finding the state's recitation of facts sufficient to impose separate sentences for multiple gross sexual imposition convictions).
Instead, R.C. 2941.25(B), which applies when a defendant's conduct constitutes two or more offenses, controls appellant's sentencing. Barnes, supra, at 15 (Celebrezze, C.J., concurring) (noting the applicability of R.C. 2941.25[B] when faced with different, multiple sexually assaultive acts committed in the same period of time). Under that statute, if appellant's crimes were committed separately or with a separate animus for each crime, he may be convicted and sentenced for both crimes. Offenses involving distinct sexual activity each constitute a separate crime with a separate animus and do not constitute allied offenses of similar import. State v. Nicholas (1993), 66 Ohio St.3d 431,434-435; Barnes, supra, at 14-15; see, also, State v. Austin (2000),138 Ohio App.3d 547, 549-550 (affirming sentencing for two counts of gross sexual imposition involving the same victim because the offenses constituted separate crimes and not allied offenses of similar import); Degroat, supra.
In this case, the record demonstrates that appellant committed two distinct sexual assaultive acts upon his niece, one involving her vagina and the other involving her anus. Although these acts occurred in close temporal proximity, they were not part of a single simultaneous incident. Id., citing Austin, supra; see, also, State v. Willis (1999), Clermont App. No. CA99-01-007. Because these separate, distinct offenses do not constitute allied offenses of similar import, the trial court did not err in sentencing appellant for both of his convictions. Appellant's second assignment of error is overruled.
Having sustained appellant's first and third assignments of error and overruling his second assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court for resentencing in compliance with the applicable sentencing statutes.
Judgment affirmed in part, reversed in part, and matter remanded.
BRYANT and DESHLER, JJ., concur.