[Cite as *State v. Logsdon*, 2010-Ohio-2536.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 CO 8 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| TONY L. LOGSDON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the Court of
                                   Common Pleas of Columbiana County,
                                   Ohio
                                   Case No. 08-CR-382

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiff-Appellee:            Atty. Robert Herron
                                   Columbiana County Prosecutor
                                   Atty. Timothy J. McNicol
                                   Assistant Prosecuting Attorney
                                   105 South Market Street
                                   Lisbon, Ohio  44432

For Defendant-Appellant:           Atty. Douglas A. King
                                   Hartford, Dickey & King Co., LPA
                                   91 West Taggart Street
                                   P.O. Box 85
                                   East Palestine, Ohio  44113

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                   Dated:  June 3, 2010

WAITE, J.

{¶1} Appellant Tony Leroy Logsdon was indicted on four counts of rape, and entered a plea of guilty to the charges. The Columbiana County Court of Common Pleas sentenced Appellant to 20 years in prison. Appellant argues on appeal that the four counts should have been merged at sentencing and that the trial court failed to consider the purposes and principles of felony sentencing in imposing a 20-year prison term. The record indicates that Appellant was indicted on four separate counts of rape, and contains information about four distinct crimes for which he could have been convicted and punished. As to whether the court considered the proper sentencing factors, the transcript of the sentencing hearing reflects that the trial court considered R.C. 2929.11 and 12, along with statements made by Appellant and the victim, Grand Jury testimony, prior convictions, the relationship of Appellant to the victim, and many other factors, in imposing the sentence. There is no error of law or abuse of discretion in the sentence. The judgment of the trial court is affirmed.

## Background

{¶2} On January 29, 2009, Appellant was indicted on four counts of first degree felony rape, R.C. 2907.02(A)(2). He was alleged to have raped Tracey Hoebeke four times at knifepoint on December 24, 2008. Appellant was 55 years old at the time the crimes occurred, and the victim was 40 years old with three young children. Appellant and the victim were neighbors. On Christmas Eve, Appellant asked the victim to come to his trailer to pick up some gifts he had for her children.

After she arrived, he held her at knifepoint and threatened to kill her unless she removed her clothing and submitted to various acts of rape. The charges include counts of fellatio, cunnilingus, digital vaginal rape and digital anal rape. The counts included force specifications and carried a maximum penalty of ten years in prison on each count. On February 10, 2009, the state filed a Bill of Particulars explaining in detail the context of each of the four counts.

{¶3} On March 23, 2009, the day of his scheduled jury trial, Appellant entered a plea of guilty to the four charges. The written Crim.R. 11 plea agreement reflects that Appellant understood he could receive up to 10 years in prison on each count. A change of plea hearing was held on March 23, 2009. The court reviewed the constitutional and non-constitutional rights Appellant was waiving by entering the guilty plea. The state agreed to recommend a 20-year aggregate prison term as part of the plea agreement.

{¶4} Sentencing took place on March 27, 2009. The victim and Appellant both spoke at the hearing. As part of the sentencing proceedings, the court reviewed the grand jury testimony of the victim describing the crime in detail. (3/27/09 Tr., p. 18.) The court noted Appellant's prior criminal convictions, including a prior conviction in 1973 in Stark County for two counts of second degree murder. (3/27/09 Tr., p. 19.) The court reviewed the parties' arguments regarding allied offenses of similar import, and the court concluded that pursuant to *State v. Barnes* (1981), 68 Ohio St.2d 13, 427 N.E.2d 5, Appellant could be punished separately for each count in the indictment. (3/27/09 Tr., p. 18.) The court considered the principles and

purposes of sentencing in R.C. 2929.11-12. (3/27/09 Tr., p. 19.) The court considered factors regarding the seriousness of the crime, the likelihood of recidivism, and the sentences imposed in similar cases. (3/27/09 Tr., p. 19.) The court accepted the prosecutor's recommendations for sentencing and sentenced Appellant to ten years in prison on each count. Counts two, three and four were ordered to be served concurrently to each other, but consecutive to the prison term in count one for a total of 20 years in prison. The court also imposed five years of post release control and designated Appellant a Tier III sexual offender. This appeal followed on April 21, 2009, and counsel was appointed on appeal.

<u>ASSIGNMENT OF ERROR NO. 1</u>

{¶5} "THE TRIAL COURT ERRED IN FAILING TO MERGE THE FOUR COUNTS OF THE INDICTMENT."

{¶6} Appellant argues that he was charged with four counts of rape that together constituted only one crime. He contends that the court should only have sentenced him for one count of rape. Appellant contends that the principle of double jeopardy prevents the state from punishing a person twice for the same conduct. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution both prohibit multiple punishments for the same offense. R.C. 2941.25 codifies the protections afforded by the Double Jeopardy Clause and sets forth the conditions under which multiple punishments may be imposed for the same or similar offenses. R.C. 2941.25 states:

**{¶7}** "(A)   Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶8}**   "(B)   Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶9}**   Appellant contends that the various acts of rape in which he engaged constituted a single course of criminal conduct, there was only one criminal animus for the course of conduct, and that the conduct took place at one location during one period of time.  Appellant concludes that the entire series of events was, thus, one crime and that he can only be sentenced for one count of first degree rape. Appellant does not cite any particular caselaw or other authority indicating that a court might be prohibited or limited in imposing separate punishments for distinct acts of fellatio, cunnilingus, digital anal rape or digital vaginal rape.

**{¶10}** In the past, these types of arguments would generally be treated as waived or forfeited for purposes of appeal because Appellant entered into a Crim.R. 11 guilty plea and because of the oft-cited principle that a guilty plea waives all issues except those directly related to the voluntariness of the plea.  *State v. Spates* (1992), 64 Ohio St.3d 269, 272-273, 595 N.E.2d 351.  The Ohio Supreme Court,

though, however, ruled that a criminal defendant has the right to appeal the issue of allied offenses under R.C. 2941.25 even if the defendant entered into a plea bargain and even if the sentence was an agreed sentence under R.C. 2953.08(D). *State v. Underwood*, 124 Oho St.3d 365, 2010-Ohio-1, 922 N.E.2d 923. *Underwood* allows a court of appeals to review, even in the context of a plea agreement, whether multiple counts in the plea agreement constitute allied offenses or whether those offenses were committed with separate animus that may be punished separately. In *Underwood*, the state conceded that some of the counts in the indictment were allied offenses, and the trial court's error in failing to merge the sentences for those counts was corrected on appeal. There is no such evidence or agreement in the instant case. On the contrary, the state has argued throughout this case that four separate acts of rape occurred on December 24, 2008.

{¶11} The state correctly relies on *State v. Barnes*, which held that an act of fellatio followed immediately by vaginal intercourse constituted two separate crimes within the meaning of R.C. 2941.25(B) and that each act of rape could be punished separately. *Barnes*, supra, 68 Ohio St.2d. at 14, 427 N.E.2d 517.

{¶12} *Barnes* also held that:

{¶13} "If this court were to identify only one rape offense for each defendant, we would, in effect, be issuing a license to rape. The appellate court's philosophy, enables a rapist, after the first penetration, to commit two or three rapes for the penal price of one. To affirm the decision of the lower court in this case would be to sanction a total disregard for the safety of the victim. As the court so graphically

stated in the analogous case of *Harrell v. State*, supra, 88 Wis.2d at 565, 277 N.W.2d 462:

**{¶14}** " '* * * Repeated acts of forcible sexual intercourse are not to be construed as a roll of thunder,-an echo of a single sound rebounding until attenuated. One should not be allowed to take advantage of the fact that he has already committed one sexual assault on the victim and thereby be permitted to commit further assaults on the same person with no risk of further punishment for each assault committed. Each act is a further denigration of the victim's integrity and a further danger to the victim.' " Id. at 18-19.

**{¶15}** We have similarly held that oral, anal and vaginal rape, occurring over a short period of time, are offenses committed with separate animus and may be punished separately. *State v. Bunch*, 7th Dist. No. 02 CA 196, 2005-Ohio-3309, ¶196ff.

**{¶16}** In the instant case, the record shows that Appellant was accused of committing separate acts of fellatio, cunnilingus, digital vaginal rape, and digital anal rape, over a period of time during the afternoon of December 24, 2008. This in itself would satisfy the requirements of *Barnes*. The record further shows that the crimes did not take place in rapid succession, but rather, over a period of some time. During the act of cunnilingus, the victim became physically ill and went to the bathroom to vomit, and after that, Appellant then forced the victim to engage in fellatio. (3/27/09 Tr., State's Exh. 1, p. 8.) Appellant later forced the victim to his bedroom and penetrated her with his fingers both vaginally and anally. (3/27/09 Tr., State's Exh. 1,

pp. 8-9.) At one point the victim pushed Appellant's knife off of the bed and tried to escape, but Appellant knocked her down, forced her back to the bed, and raped her again. Thus, the record contains references to at least four distinct acts of rape along with various events intervening between each crime.

**{¶17}** Based on the holding of *Barnes* and the fact that Appellant entered into a valid guilty plea to four separate counts of rape, the trial court did not err in imposing separate punishments for these crimes. This assignment of error is overruled.

ASSIGNMENT OF ERROR NO. 2

**{¶18}** "THE TRIAL COURT ERRED IN IMPOSING MAXIMUM CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT."

**{¶19}** Appellant contends that the sentence is contrary to law because the trial court failed to adequately consider the purposes and principles of felony sentencing contained in R.C. 2929.11-12.

**{¶20}** Courts of appeal take a limited, two-fold approach review of a felony sentence as outlined by the recent plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶26. In the first step, we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. In examining the applicable rules and statutes, the sentencing court must consider the purposes and principles of felony sentencing contained in R.C. 2929.11 and R.C. 2929.12. Id. at ¶3-14; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846

N.E.2d 1, ¶38. The sentencing court need not make any particular findings regarding R.C. 2929.11-12. *State v. Ballard*, 7th Dist. No. 08 CO 13, 2009-Ohio-5472, ¶71. There is a rebuttable presumption, even from a silent record, that the trial court considered the statutory sentencing criteria found in R.C. 2929.11-12. Id.

{¶21} If the sentence is not clearly and convincingly contrary to law, the court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion." *Kalish*, supra, at ¶17. Thus, the second step of appellate review is to apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. An abuse of discretion is, " 'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. Although the trial court formerly was required to engage in detailed judicial factfinding in order to justify imposing maximum or consecutive sentences, this is no longer the case. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Imposing maximum or consecutive sentences is simply part of the trial court's overall discretion in issuing a felony sentence.

{¶22} The record reflects that the trial court fully considered the purposes and principles of felony sentencing. The court specifically noted that it had considered R.C. 2929.11-12. (3/27/09 Tr., p. 19.) The court discussed the two overriding purposes of felony sentencing, which are protecting the public from future crime and

punishing the offender. R.C. 2929.11(A). The court discussed many of the specific factors listed in R.C. 2929.12, including the serious physical harm suffered by the victim, the relationship of the victim to Appellant, and Appellant's prior criminal record. Because the record reveals that the court did consider R.C. 2929.11-12, Appellant's argument is unpersuasive.

{¶23} There also is no abuse of discretion evident from the record. The trial court adopted the prosecutor's recommendation regarding sentencing. The court was aware of Appellant's prior criminal record, including two counts of what had previously been called second-degree murder. The court was able to consider the victim's statement as well as Appellant's closing comments at the sentencing hearing. The total punishment that could have been imposed was 40 years in prison, and the court imposed only half that amount. The court noted that a lesser sentence would demean the seriousness of the offenses. The court also noted that the sentence was consistent with sentences rendered in similar cases. The sentence is well within the range of sentences allowed by law, and the trial court had full discretion to impose a sentence within that range and did so. There is no abuse of discretion evident from the record, and Appellant's second assignment of error is overruled.

{¶24} In conclusion, there was no requirement for the trial court to merge the four rape counts in the indictment prior to sentencing because the four counts constituted separate crimes with separate animus, all of which were subject to a separate punishment. The trial court considered the purposes and principles of

felony sentencing, and there is no abuse of discretion apparent from the record with respect to the 20-year prison term that was imposed. Both of Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.