[Cite as *State v. Jeffery*, 2019-Ohio-4612.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                             Court of Appeals No. S-18-041

      Appellee                                     Trial Court No. 17CR720

v.

Kayree Jeffery                                        **DECISION AND JUDGMENT**

      Appellant                                    Decided:  November 8, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

### Introduction

{¶ 1} Defendant-appellant, Kayree Jeffery, appeals his conviction and sentence

entered in the Sandusky County Court of Common Pleas for sexual battery and

corrupting another with drugs.  Jeffery claims that the offenses should have been merged

for sentencing purposes, that he received ineffective assistance of trial counsel and that the trial court erred in imposing costs. As set forth below, Jeffery's conviction and sentence are affirmed, in part, and reversed, in part.

**Facts and Procedural History**

{¶ 2} According to the record, Jeffery, aged 27, was living with his girlfriend and their children on May 4, 2017, in Fremont, Ohio. On that day, the girlfriend's younger sister, S.J., aged 15, came over to babysit. Jeffery provided S.J. (hereinafter "the victim") with a "soda pop" containing a mixture of Xanax and cocaine, by deception. The victim lost consciousness, and when she awoke, Jeffery was on top of her, having sexual intercourse with her. The victim reported the rape to a school counselor and was given a rape exam. When interviewed by police, Jeffery denied any wrongdoing, including that any sexual contact had occurred. A DNA analysis of a sample taken from the victim's underwear matched Jeffery's DNA.

{¶ 3} Over a year later, on July 28, 2018, Jeffery was indicted on charges of rape, in violation of R.C. 2907.02(A)(1)(a), a felony of the first degree (Count 1); rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree (Count 2); corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(a), a felony of the second degree (Count 3); and corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(b), a felony of the second degree (Count 4).

{¶ 4} At the change-of-plea hearing on October 16, 2018, the parties agreed that Jeffery would plead guilty to a lesser crime set forth in Count 2, sexual battery, in

2.

violation of R.C. 2907.03(A)(2), a felony of the third degree, and the corrupting another with drugs offense set forth in Count 3. In exchange, the state agreed not to prosecute Counts 1 and 4.

{¶ 5} Before accepting the plea, the court advised Jeffery of the rights he would be waiving, as set forth in Crim.R. 11, if he pled guilty. The court specifically advised Jeffery of his constitutional rights, the effect of his plea, and the maximum sentence that could be imposed. As to this last point, the court advised Jeffery that, as to the sexual battery offense, he faced a prison term "up to 12 [to] 60 months" and a fine up to $10,000 and, as to the corrupting another with drugs offense, he faced a mandatory term in prison of between two and eight years and a fine of up to $15,000. It also advised Jeffery that he would be subject to three years of postrelease control and that he would be classified as a Tier III sexual offender under Chapter 2950 of the Ohio Revised Code, requiring him to register as a sex offender every 90 days for the rest of his life and subjecting him to community notification. After acknowledging the rights he was waiving, in open court and in writing, the trial court accepted Jeffery's guilty plea and found him guilty. It did not order a presentence investigation.

{¶ 6} At the sentencing hearing, held on October 18, 2018, the trial court heard arguments on the issue of whether the sexual battery and corrupting another with drugs convictions were allied offenses of similar import. Defense counsel argued that Jeffery acted with the "same animus" as to each offense and therefore that the sentences should be merged. The trial court denied the request and sentenced Jeffery to serve 48 months in

3.

prison as to the sexual battery offense (Count 2) and eight years in prison as to the corrupting another with drugs offense, to be served consecutively, for an aggregate term of 12 years.  It also sentenced him to three years of postrelease control and classified him as a Tier III sex offender.  It did not impose a fine.

{¶ 7} Jeffery appealed the trial court's October 18, 2018 judgment entry.  He raises three assignments of error for our review:

> **Assignment of Error One**:  The trial court erred in failing to merge the counts of sexual battery and corrupting another with drugs, thereby violating the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
>
> **Assignment of Error Two**:  Trial counsel rendered ineffective assistance at sentencing, where he failed to introduce any evidence in the record in support of the merger issue.
>
> **Assignment of Error Three**:  The trial court erred in imposing costs as no costs are specified and the trial court made no finding of ability to pay.

**The offenses of sexual battery and corrupting another with drugs
are not allied offenses of similar import.**

{¶ 8} Jeffery presents two arguments in support of his first assignment of error. First, he claims that the trial court had insufficient evidence before it to determine the

4.

issue of merger and therefore that this case should be remanded for a new hearing on that issue. Alternatively, Jeffery argues that this court should find, based upon the evidence that is in the record, that the sexual battery and corrupting another with drugs convictions are allied offenses.

{¶ 9} The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, applicable to the state through the Fourteenth Amendment, "protects against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). R.C. 2941.25 codifies the Double Jeopardy Clause's third protection, which prohibits multiple punishments for the same offense. The statute prohibits multiple convictions for "allied offenses of similar import" arising out of the same conduct. R.C. 2941.25 provides,

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses

5.

of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} In *Ruff*, the Supreme Court of Ohio announced that whenever a court considers whether there are allied offenses that merge into a single conviction, the court "must first take into account the conduct of the defendant. In other words, how were the offenses committed?" *Id.* at ¶ 25. When considering this overarching question, the court must address three sub-questions: (1) Were the offenses "dissimilar in import," meaning did the offenses involve either separate victims or "separate and identifiable" harm? (2) Were the offenses committed separately? and (3) Were the offenses committed with separate animus? *Id.* at ¶ 23-25. "An affirmative answer to *any* of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." (Emphasis added.) *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 12. The defendant bears the burden to establish that R.C. 2941.25 prohibits multiple punishments. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18, citing *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987).

{¶ 11} First, Jeffery argues that a remand is necessary because the trial court decided the merger issue "prior to hearing any facts regarding the offenses." The allied-offense analysis is "[a]t its heart * * * dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Ruff* at ¶ 26.

6.

{¶ 12} In this case, the state provided a summary of the evidence against Jeffery during the sentencing hearing, which is appropriate according to *Ruff*. ("The evidence at trial or during a plea or *sentencing hearing* will reveal whether the offenses have similar import."). (Emphasis added.) According to the state,

> Jeffery "offered [the victim something] to drink * * *; she didn't realize it contained Xanax and cocaine. She lost consciousness. When she woke up, [Jeffery] was on top of her. He had his penis inside her vagina, and he was having sex with her. She was very upset about this. * * * When she went to school the next day, she told the school counselor what had happened to her. She was taken - - was given a rape exam. It was the first time she'd ever had vaginal intercourse with anybody in her life, she'd been a virgin up to that point. DNA from her underwear indicated the Defendant was the source of the male DNA in her body. (*See* October 18, 2018 Sentencing Tr. at 9).

{¶ 13} As noted by Jeffery, the trial court had already ruled against his request to merge the convictions when it heard the above recitation. Any error in doing so, however, is harmless, inasmuch as appellate courts review allied-offense determinations under a de novo standard of review. *State v. Dean*, 6th Dist. Lucas No. L-16-1301, 2018-Ohio-1740, ¶ 48-54, citing *State v. Corker*, 10th Dist. Franklin No. 13AP-264, 2013-Ohio-5446, ¶ 28. *See* Crim.R. 52(A) ("Any error * * * which does not affect substantial rights shall be disregarded."). We find that the evidence presented at the sentencing

7.

hearing, as set forth above, was sufficient for this court to make a determination with respect to merger. Therefore, a remand is unnecessary.

{¶ 14} We now turn to Jeffery's argument that the sexual battery and corrupting another with drugs convictions are allied offenses of similar import, requiring their merger.

{¶ 15} Jeffery was convicted of the sexual battery provision set forth in R.C. 2907.03(A)(2) ("No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply: * * * [t]he offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired") and the corrupting another with drugs provision set forth in R.C. 2925.02(A)(4)(a) ("No person shall knowingly do any of the following: * * * [b]y any means, do any of the following: * * * [f]urnish or administer a controlled substance to a juvenile who is at least two years the offender's junior, when the offender knows the age of the juvenile or is reckless in that regard.").

{¶ 16} As *Ruff* instructs, we must examine the facts of the case to consider the harm, the conduct, and the animus. Because the offenses were perpetrated against the same victim, we consider whether the corrupting and sexual battery offenses caused the victim to suffer "separate and identifiable" harm. *Dean* at ¶ 56, citing *Ruff* at ¶ 25. We find that each offense caused independent physical and emotional injury. According to the sentencing transcript, the tainted soda (i.e. the basis for the corrupting offense) caused the victim to lose consciousness. A fair reading of the transcript also supports a finding

8.

that the victim would have suffered psychological harm, knowing that she had unintentionally taken illicit drugs.

{¶ 17} The sexual battery offense caused separate injuries that include, but are not limited to, the psychological injuries associated with an unwanted, not to mention, a first-time sexual encounter, fear of exposure to a sexually transmitted disease, trauma of undergoing a rape examination, not to mention the physical harm that she may have sustained as a result of the sexual battery. *Accord Dean* at ¶ 56 (Finding, in a double-rape case that each rape caused the victim to suffer separate and additional psychological trauma) quoting *State v. Barnes*, 68 Ohio St.2d 13, 14, 427 N.E.2d 517 (1981), (J. Celebrezze concurring opinion) ("Each [sexual assault] is a further denigration of the victim's integrity and a further danger to the victim."). In sum, we find that the harm suffered by the victim, as a result of the corrupting another with drugs offense, is separate and identifiable from the harm she suffered as a result of the sexual battery offense.

{¶ 18} We also find that those two offenses were committed separately and with a separate animus, the second and third prongs under the *Ruff* analysis, which we consider together. Jeffery argues that the offenses "happened as one course of conduct" because the offenses "immediately followed" one another and because one (the corrupting offense) was done solely for the purpose of committing the other (sexual battery). We disagree.

Separate conduct or separate animus may occur when a court determines the defendant at some point broke a temporal continuum started

9.

by his initial act. * * * Alternatively, a separate conduct or animus may exist when facts appear in the record that distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed. (Internal citations omitted.)

*Dean* at ¶ 57, quoting *State v. Woods*, 6th Dist. Lucas No. L-13-1181, ¶ 35.

{¶ 19} Given the evidence that can be deduced from the sentencing transcript, the offenses occurred successively, but there is no indication as to their proximity to one another or the overall duration of the offenses. The corrupting another with drugs offense was completed when Jeffery "furnished," i.e., provided, a soda that was laced with a controlled substance, to the 15-year-old victim. *See State v. Schwab,* 4th Dist. Athens No. 12CA39, 2014-Ohio-336, ¶ 10 (Discussing the definition of "furnish" under Black's Law Dictionary and the Ohio Jury Instructions). Jeffery's other illegal act was engaging in sexual conduct (vaginal intercourse) with the victim, knowing that she was substantially impaired. Thus, the offenses, though they may have been committed in close proximity to one another, were committed separately. *Accord Dean* at ¶ 59 (Rejecting argument that two counts of oral rape that were perpetrated in close succession to one another merged where there was a "bright line of distinction" between the rapes, namely the defendant's threat to "do it again" or "get killed"). We find that the evidence in the record supports a finding that separate and distinct crimes were committed and Jeffery acted with a separate animus as to each.

10.

{¶ 20} A finding that the import, conduct, *or* animus for one offense are distinct from the other requires separate convictions. Here, we find that each is distinct. It follows, therefore, that the offenses, as committed in this case, are not allied offenses of similar import. Accordingly, we find no error in the trial court's decision not to merge the offenses at sentencing. Jeffery's first assignment of error is not well-taken.

**Jeffery received effective assistance of trial counsel.**

{¶ 21} In his second assignment of error, Jeffery claims that he received ineffective assistance from his trial counsel. To establish his claim, Jeffery must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 200, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus.

{¶ 22} A reviewing court must determine whether trial counsel's assistance fell below an objective standard of reasonable advocacy. *Bradley* at 141-142. Moreover, the deficient performance must have been so serious that, "were it not for counsel's errors, the result of the trial would have been different." *Id.* at 141-142.

{¶ 23} Trial strategy "must be accorded deference and cannot be examined through the distorting effect of hindsight." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 115. "An error by counsel, even if professionally

11.

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland* at 691.

{¶ 24} In support of his argument that he received ineffective assistance of counsel, Jeffery claims that counsel failed to "make a record by introducing reviewable evidence * * * relating to a merger inquiry."

{¶ 25} As we have already found, the record contains sufficient evidence with respect to merger. Therefore, we find that counsel's failure to proffer *additional* evidence does not amount to deficient performance. Moreover, Jeffery's claim is speculative at best. That is, he articulates no facts that, if true, would have resulted in his convictions being merged, and as discussed, Jeffery does not dispute the state's recitation of facts against him in this case. Therefore, it cannot be said that Jeffery sustained any prejudice as a result of his counsel's failure to offer additional evidence with respect to merger. Under *Strickland,* Jeffery has failed to demonstrate that he received ineffective assistance of counsel, and his second assignment of error is not well-taken.

**The trial court did not err in imposing the costs of prosecution.**

{¶ 26} Finally, Jeffery argues that the trial court erred in imposing "costs."

{¶ 27} In its judgment entry, the trial court issued a single sentence with regard to costs: "Court costs are assessed." Nowhere, however, did it identify what type of costs it intended to impose, nor did it make any finding with respect to Jeffery's ability to pay those costs. To the extent that the trial court intended to impose the costs of his confinement and/or appointed counsel, Jeffery objects.

12.

{¶ 28} Our standard of review on this issue is whether the imposition of costs and financial sanctions was contrary to law. R.C. 2953.08(A)(4) and (G)(2)(b). *State v. Farless*, 6th Dist. Lucas Nos. L-15-1060, 2016-Ohio-1571, ¶ 4, citing *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, ¶ 30 ("An appellate court may not modify a financial sanction unless it finds by clear and convincing evidence that it is not supported by the record or is contrary to law.").

{¶ 29} First, with regard to the costs of prosecution, R.C. 2947.23(A)(1)(a) provides that the trial court shall include in every sentencing judgment the costs of prosecution without consideration of whether the defendant has the ability to pay such costs. *State v. Rohda*, 6th Dist. No. F-06-007, 2006-Ohio-6291, ¶ 13. Accordingly, we presume that the trial court intended to impose the costs of prosecution, and it did not err in doing so.

{¶ 30} Before imposing the costs of confinement and/or assigned counsel, however, Jeffery is correct that the trial court must first find that the defendant has, or will have, the ability to pay. For example, R.C. 2929.18(A)(5)(a)(ii) requires that the trial court impose against all convicted defendants a financial sanction for the costs of confinement in a state institution "to the extent he is able to pay." Likewise, R.C. 2941.51(D) provides that the cost of appointed counsel must be paid by the county as approved by the court. The court can order the defendant to pay all or a part of the cost of appointed counsel but only if the court determines that the offender "has, or reasonably

13.

may be expected to have, the means to meet some part of the costs of the services rendered." *Id.*

{¶ 31} Although the court is not required to conduct a hearing on a defendant's ability to pay, the record must contain some evidence that the court considered the defendant's financial ability to pay. *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 13.

{¶ 32} We cannot ascertain from the record what "costs" the trial court intended to impose, and as noted by Jeffery, no presentence investigation was conducted in this case. Therefore, we agree with him that, to the extent the trial court intended to impose the costs of confinement and/or the costs of appointed counsel, the record does not support imposition of either, absent a finding that Jeffery has, or reasonably will have, the ability to pay them. On that limited basis, we find Jeffery's third assignment of error well-taken. We vacate that portion of the sentencing entry, to the extent that the lower court imposed the costs of his confinement and/or appointed counsel. *See, e.g.*, *State v. Jones,* 6th Dist. Lucas No. L-13-1193, 2015-Ohio-629, ¶ 104 and *State v. Phillips*, 6th Dist. Wood Nos. WD-16-020, WD-16-028, WD-16-029, 2017-Ohio-7107, ¶ 37-39.

## Conclusion

{¶ 33} Based on the foregoing, the judgment of the Sandusky County Court of Common Pleas is affirmed, in part, and reversed, in part. To the extent that the lower court's sentencing order required Jeffery to pay the costs of his confinement and/or

appointed counsel, those portions of the sentencing entry are vacated.  The judgment of conviction is affirmed in all other respects.

{¶ 34} Jeffery is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.